UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT C. PRIEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-0788 |
| ) | Judge Trauger |
| RENEE GLENN, ET AL., ) | |
| ) | |
| Defendants. ) | |

## O R D E R

The court entered an Order on September 2, 2009 directing the plaintiff to submit a certified copy of his six-month inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2), and to do so within thirty (30) days of the date that he received the Order. (Docket Entry No. 3) The court forewarned the plaintiff that, if he did not comply with its Order, the court was required to presume that he is not a pauper, assess the full amount of the filing fee, and dismiss the case with prejudice for want of prosecution. (Docket Entry No. 3)

The record shows that the certified mail return receipt was signed by the plaintiff, and the receipt returned to the district court on September 22, 2009. (Docket Entry No. 4) The 30 days provided in the court's prior order have now passed. However, the plaintiff has neither complied with the court's Order, nor has he sought an extension of time to do so.

The Clerk is **DIRECTED** to file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a). However process will **NOT** issue.

The plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever

is greater:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when such monthly income exceeds ten dollars ($10.00). Such payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

For the reasons explained in its prior Order (Docket Entry No. 3), this action is **DISMISSED WITH PREJUDICE** for want of prosecution and for failure to comply with the orders of the Court. *McGore*, 114 F.3d at 605.

An appeal from the judgment rendered herein would **NOT** be taken in good faith. Therefore, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee, or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1)-(a)(2); *McGore*, 114 F.3d at 605.

The Clerk is **DIRECTED** to send a copy of this Order to the Warden at the DeBerry Special Needs Facility to ensure that the custodian of the plaintiff's inmate trust fund account complies with

the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this Order follows the plaintiff to his new place of confinement. All payments made pursuant to this Order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

3